MATTHEW BARTLETT *vs.* ELISHA PARKS & otheis.

Where one of two partners, after a dissolution, consigned partnership property to an agent for sale, the proceeds to be applied to the payment of a partnership debt, the other partner was held to be entitled to a remedy in equity against the agent, under the Rev. Sts. c. 118, § 43.

The partner, by whom the consignment was made, having become insolvent, he and his assignee were properly made defendants.

THIS was a bill in equity containing a statement of the following facts.   Matthew Bartlett, the plaintiff, and John Townsend, one of the defendants, on the 6th of April, 1844,

entered into a partnership, under the name of John Townsend, for the purpose of manufacturing goods at South Berwick, in the state of Maine.

At the time this partnership was formed, the plaintiff and Elisha Parks and N. Austin Parks, two of the defendants, constituted a partnership doing business in Boston, under the name and style of Parks, Bartlett and company.

At the time the first named partnership was formed, it was agreed between the two firms, that the business of the former in Boston should be transacted by the latter, who were to sell and advance upon the goods manufactured by the former.

On the 20th of May, 1844, the firm of Parks, Bartlett and company was dissolved, and was succeeded by a new partnership, consisting of Elisha Parks, N. Austin Parks, and Edward Baldwin, another of the respondents, under the name and style of Parks, Baldwin and Parks.

At the time of the formation of this new partnership, Townsend and the plaintiff were indebted to the firm of Parks, Bartlett and company, in a balance of about six thousand five hundred and ten dollars and ten cents ; which, with the consent of all parties, was assigned by Parks, Bartlett and company, to Parks, Baldwin and Parks. The new firm continued to act as the agents of Townsend and the plaintiff, until the dissolution of the latter, which took place on the 9th of July, 1844 ; at which time, they were indebted to Parks, Baldwin and Parks, in the sum of ten thousand six hundred and fifty-two dollars.

The dissolution between the plaintiff and Townsend was known to Parks, Baldwin and Parks, at the time it took place; and a new agreement was then entered into between them and Townsend, by which they undertook to transact business for him, in Boston, as his agent, and for his sole account.

On the 20th of August, 1844, Townsend ceased to do business on his own account, and became insolvent. He was then indebted to Parks, Baldwin and Parks, in the sum of four thousand dollars, all of which had been contracted

subsequently to the dissolution of the partnership between him and the plaintiff. Townsend took advantage of the insolvent law, and John Dallinger, Jr., one of the respondents, was appointed his assignee.

At the time of the dissolution between Townsend and the plaintiff, they were possessed of property more than sufficient, by about the sum of fifteen thousand dollars, to pay all their partnership debts ; and it was then agreed between them, with the knowledge of Parks, Baldwin and Parks, that the property should be applied to the payment of those debts. At the same time, and subsequently thereto, Townsend consigned to Parks, Baldwin and Parks, for sale, certain of the partnership property, with the intention that it should be applied to the payment of the partnership debt above mentioned ; and Parks, Baldwin and Parks were then or shortly afterwards informed, that the property consigned to them was partnership property, and to be applied to the payment of the partnership debt.

On the 4th of May, 1844, Townsend and the plaintiff effected insurance in their partnership name, on certain partnership property, to the amount of seven thousand dollars, payable in case of loss to Parks, Bartlett and company, to whose interest therein the firm of Parks, Baldwin and Parks succeeded.

A portion of the property so insured was subsequently destroyed by fire. Parks, Baldwin and Parks have received three thousand five hundred dollars, on account of the loss, and are entitled to receive a further sum.

The plaintiff requested Parks, Baldwin and Parks to appropriate the proceeds of the goods consigned to them as above mentioned, together with the money which they had received on the policy of insurance, to the payment of the partnership debt due from the plaintiff and Townsend to them; but they refused to make such application, claiming the right to apply the funds in their hands in payment of Townsend's individual debt, and demanding payment, from the plaintiff personally, of the balance of the partnership debt due from him and Townsend.

The prayer of the bill was, that an account might be taken of what was due from the plaintiff and Townsend, at the time of the dissolution of their partnership, to Parks, Baldwin and Parks, and of all the partnership property of the former received by the latter at any time; that Parks, Baldwin and Parks might be ordered to apply the property and funds in their hands, first, to the payment of the joint debt of Townsend and the plaintiff, and, next, to pay over one half of the balance to the plaintiff; and that Parks, Baldwin and Parks might be enjoined from proceeding at law against the plaintiff, for the recovery of the partnership debt due from him and Townsend, and for further relief.

The bill was demurred to on the ground, 1st, that the court had no jurisdiction, the remedy of the plaintiff being adequate at law; and, 2d, that John Townsend and John Dallinger, Jr., ought not to have been made parties defendant.

*B. Rand,* for the defendants.

*F. C. Loring & J. P. Putnam,* for the plaintiff.

WILDE, J. The defendants demur to the bill on two grounds: 1st, because the court has no jurisdiction, the remedy of the plaintiff being adequate at law; and, 2d, because John Townsend and John Dallinger, Jr., ought not to have been joined as party defendants.

As to the first ground of demurrer, we have no doubt that the court has jurisdiction.

By the Rev. Sts. *c.* 118, § 43, the action of account is abolished; and it is further provided, " that when the nature of an account is such that it cannot be conveniently and properly adjusted and settled in an action of assumpsit, it may be done upon a bill in equity."

The language of the statute is comprehensive, and in terms gives this court jurisdiction in equity in all cases where an account is to be settled, which cannot be conveniently settled in an action of assumpsit, whether in such cases an action of account would lie before the statute or not. And this construction of the statute would not give to the court a more ample jurisdiction than courts of equity have in Eng-

land, where a bill for an account is sustained in many cases in which an action of account would not lie. In this case, however, an action of account, if not abolished, would lie. That action lies against a bailiff or receiver. Bac. Abr. Account, A. ; Jacob's L. D. Account, 24 ; Co. Lit. 171.

The bill alleges, that the plaintiff's partner consigned to the defendants, Parks, Baldwin and Parks, partnership property for sale, the proceeds to be applied to the payment of a partnership debt. In such a case, an action of account would unquestionably lie ; and it is unquestionable, also, that the account, sought to be settled in the present case, cannot be conveniently settled in an action of assumpsit. A jury is an unsuitable tribunal for adjusting matters of account ; and although the law authorizing a reference to an auditor, and making his report *prima facie* evidence, in such cases, has removed some difficulties, still, accounts generally cannot be conveniently thus settled. The plaintiff, in the present case, is entitled to a discovery, and to the production of the defendants' books, and it would be inconvenient and unreasonable that he should be compelled to resort to a court of equity for a discovery, and to a court of law for relief, when the whole case might be settled and decided most beneficially for both parties by a court of equity.

As to the other ground of demurrer, the court are of opinion, that Townsend and Dallinger are properly joined as defendants. Their interest is opposed to that of the plaintiff. But if it were otherwise, they could not be compelled to join with the plaintiff, and might be made defendants, according to a well known rule of equity ; and Townsend, if not interested, may well be made a party for the purpose of discovery, as to all acts done by him before his insolvency, and the assignment of his property.

*Demurrer overruled.*